United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50985
Conference Calendar

_____

CAROL JOHNENE MORRIS,

                                         Plaintiff-Appellant,

versus

LINDA MOTEN, Warden; BONNIE RUCKER, Assistant Warden;
ALLEN MILLER; E. L. BOND; BRENDA DAVIDSON; SHARON HENSON;
MARKUM, Lieutenant; PORTER, Mailroom Supervisor; LISA STEELE;
DAVID GERARD SWANSON,

                                         Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-260
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Carol Johnene Morris, Texas prisoner #488243, appeals the

district court's dismissal of her 42 U.S.C. § 1983 complaint for

failure to state a claim.  Morris' complaint alleged that prison

officials and vocational college personnel conspired to retaliate

against her for filing a prior *in forma pauperis* (IFP) 42 U.S.C.

§ 1983 complaint.  Specifically, Morris asserted, among other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

things, that David Gerard Swanson, an instructor at Central Texas College (CTC), filed a false disciplinary report against her for allegedly cheating on an exam. As a result, Morris was suspended from CTC for approximately one year. Morris claimed that the suspension was imposed without due process, and that it resulted in the loss of a) six-months worth of good-conduct time credits, b) $850 in course fees, c) a second associate's degree, and d) a bachelor's degree from Tarleton State University.

On appeal, Morris renews the argument that defendants/CTC employees Swanson and Lisa Steele conspired with prison officials to retaliate against her for filing the prior IFP 42 U.S.C. § 1983 action. Morris contends that she had a protected liberty interest in the good-time credits she accrued for attending the CTC classes, and that her rights to due process were therefore violated when she was "unlawfully" suspended from CTC without a hearing.

Morris' allegations that she is the victim of retaliation are based on little more than her own personal belief. Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997). Although Morris had a right to seek redress for alleged civil rights violations, she fails to recite a chronology of events from which retaliation may plausibly be inferred based on the filing of her prior IFP 42 U.S.C. § 1983 complaint. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Similarly, Morris fails to produce direct evidence to support her conclusional and self-serving claims that the

defendants conspired to falsely accuse her of cheating on an exam. Id. Morris' claim that her due process rights were violated is without merit given that her disciplinary case has not been reversed, expunged, or declared invalid. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). Accordingly, we affirm.

AFFIRMED.